Sandifer, J.
(dissenting). The primary issue in this appeal is whether or not the bank exercised ordinary care with respect to the check.
*707 A depositor warrants to any bank who takes an item, in good faith, that upon dishonor and any necessary notice of dishonor and protest he will take up the item (Uniform Commercial Code, § 4-207, subd [2]). Superimposed upon this agreement, however, are the provisions of section 4-212 (subd [4], par [b]) of the Uniform Commercial Code which states that:
“(4) The right to charge-back is not affected by * * *
“(b) failure by any bank to exercise ordinary care with respect to the item but any bank so failing remains liable”; and subdivision (1) of section 4-103 which states that: “The effect of the provisions of this Article may be varied by agreement except that no agreement can disclaim a bank’s responsibility for its own lack of good faith or failure to exercise ordinary care or can limit the measure of damages for such lack or failure”.
Under section 4-103 the term “ordinary care” is not defined and is used with its normal tort meaning and not in any special sense relating to bank collections. (See Uniform Commercial Code, § 4-103, Comment 4.)
The majority “are dubious that the mere statement of a depositor that an unidentified teller told her (mistakenly) that a check had ‘cleared’, when in fact it had not, constitutes * * * proof of negligence”. I might be inclined to agree if that was the only evidence of negligence. It is not. The bank manager testified that a teller, albeit unidentified, told the depositor that the check had cleared. In my estimation the bank concedes that they failed to exercise ordinary care. I might note that the bank also concedes through the branch manager that the depositor was told in error that the check in question would clear in 10 to 15 days when under their system it would, in fact, take 30 days. Relying in good faith upon these representations, the depositor withdrew funds from her account and satisfied various obligations of the payee. The important factor in the last transaction is that the transfer was made in “good faith”, which is defined as “honesty in fact in the conduct or transaction concerned” (Uniform Commercial Code, § 1-201, subd [19]). We are not concerned here with a depositor who is credited with funds to which she is not entitled. In *708 the latter hypothetical, the depositor could not transfer or spend those funds in “good faith”.
The record is crystal clear. The cause of the depositor’s transfer was the concededly inaccurate information supplied to her by the bank. The bank failed to exercise ordinary care. The effect of that failure should not be visited upon the depositor.
In addition, I think the majority misinterprets subdivision (5) of section 4-103 of the Uniform Commercial Code in determining how damages are to be assessed in this case. If the bank had exercised ordinary care there would have been no damage. The entire loss could have been avoided by the exercise of ordinary care.
Finally, under the circumstances of this case, I do not believe that it is incumbent on the plaintiff to allege or prove that the defendant acted in bad faith. The fact that the plaintiff acted in good faith is controlling in the absence of proof to the contrary.
Accordingly, I would affirm the judgment appealed from in its entirety.
Sullivan, J. P., and Parness, J., concur; Sandifer, J., dissents in a separate memorandum.